UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CARLINO, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHG MEDICAL STAFFING, INC.,<br><br>Defendant. | No. 1:17-cv-01323-DAD-JLT<br><br>ORDER APPROVING RULE 23 CLASS AND FLSA CONDITIONAL COLLECTIVE CERTIFICATION NOTICES<br><br>(Doc. No. 26) |

On February 28, 2019, the court issued an order granting plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23 and conditional collective certification pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (*See* Doc. No. 25.) Therein, the court directed the parties to meet and confer to revise the parties' proposed class and conditional collective certification notices. (*Id.* at 18.) Specifically, the court instructed the parties to include language in the notices informing class and putative collective members of their right to consult a tax professional about potential adverse tax consequences should plaintiff prevail in this action, and further directed the parties to include an instruction at the beginning of the proposed combined Rule 23/FLSA notice indicating that the recipient has two potential decisions to make with regard to that notice. (*Id.*)

/////

1

On March 12, 2019, the parties filed a stipulation indicating that they have met, conferred, and revised the proposed notices in accordance with the court's directives in its February 28, 2019 order. (*See* Doc. No. 26.) The revised proposed notices are attached to the parties' stipulation. (*See* Doc Nos. 26-1, 26-2.) The court has reviewed the revised proposed notices and is satisfied that they are adequate and in accord with the court's directives in its February 28, 2019 order. In their stipulation, the parties agree to utilize CPT Group, Inc. to administer the notice process, and further agree to split the associated fees and costs equally. (Doc. No. 26 at 2.)

Accordingly,

1. The revised combined Rule 23/FLSA notice (Doc. No. 26-1) is approved;
2. The revised stand-alone FLSA notice (Doc. No. 26-2) is approved;
3. Defendant shall provide the class and putative collective members' identifying information to CPT Group, Inc. within fourteen (14) business days of the date of service of this order. CPT Group, Inc. shall send the notices within five (5) calendar days thereafter; and
4. The class and putative collective members shall have a 90-day period, commencing from the date on which CPT Group, Inc. mails out the notices, to either opt-out of the Rule 23 class and/or opt-in to the FLSA collective.

IT IS SO ORDERED.

Dated: **March 18, 2019**

UNITED STATES DISTRICT JUDGE

2