# EXHIBIT 2

**HAYES PAWLENKO LLP**
Matthew B. Hayes (SBN 220639)
Kye D. Pawlenko (SBN 221475)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Suite 2B
South Pasadena, CA 91030
Tel:     626.808.4357
Fax:     626.921.4932

Attorneys for Plaintiff Jacqueline Carlino

AKERMAN LLP
SARAH KROLL-ROSENBAUM (SBN 272358)
sarah.kroll-rosenbaum@akerman.com
ANTHONY D. SBARDELLATI (SBN 246431)
anthony.sbardellati@akerman.com
NANCY SOTOMAYOR (SBN 312022)
nancy.sotomayor@akerman.com
HARRISON THORNE (SBN 313295)
harrison.thorne@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant CHG Medical Staffing, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CARLINO, an individual on behalf of herself and others similarly situated,<br><br><br>                              Plaintiff,<br><br>v.<br><br>CHG MEDICAL STAFFING, INC. et al.<br><br>                              Defendants. | CASE NO. 1:17-cv-01323-ADA-CDB<br><br>**JOINT STIPULATION AND SETTLEMENT AGREEMENT** |

## JOINT STIPULATION AND SETTLEMENT AGREEMENT

0

This Joint Stipulation and Settlement Agreement (hereafter "Agreement" or "Settlement") is entered into by and between Defendant CHG Medical Staffing, Inc. (hereafter "Defendant" or "CHG") on the one hand, and Plaintiff Jacqueline Carlino (hereafter "Carlino"), on behalf of herself and each member of the certified class and collective as defined herein (together "the Plaintiffs"), on the other hand (collectively "the Parties"), with respect to the lawsuit *Carlino v. CHG Medical Staffing, Inc.,* Case No. 1:17-cv-01323-ADA-CDB, currently pending in the United States District Court for the Eastern District of California (hereafter "the Action").

WHEREAS, the Action was initially filed on September 29, 2017, and the Complaint asserts California state law claims for failure to pay overtime wages (Cal. Labor Code §§ 510, 1194), unfair business practices (Cal. Bus. & Prof. Code § 17200, et seq.), and waiting time penalties (Cal. Labor Code § 203), as well as a federal claim for violation of the Fair Labor Standards Act (hereafter "FLSA") (29 U.S.C. § 201, et seq.);

WHEREAS, with respect to the California state law claims, the Court certified, on February 28, 2019, the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All non-exempt hourly healthcare professionals employed in California through the RN Network division of CHG Medical Staffing, Inc., who, at any time from September 29, 2013 through [February 28, 2019] worked overtime and had the value of their meals and incidentals stipends, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay;

WHEREAS, Court-approved notice of class certification and an opportunity to opt-out was provided to the Rule 23 class and, excluding opt-outs, resulted in a class that included 686 individuals;

WHEREAS, with respect to the FLSA claim, the Court, on February 28, 2019, conditionally certified – for the purpose of providing notice of the Action and an opportunity to opt-in – the following FLSA collective:

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

1

68839890;1

> All non-exempt hourly health care professionals employed in the United States through the RN Network division of CHG Medical Staffing, Inc., who, at any time within the three years preceding [February 28, 2019], worked in excess of 40 hours in one or more workweeks and had the value of their meals and incidental stipend, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay;

WHEREAS, Court-approved notice of the Action and an opportunity to opt-in to the FLSA claim was provided to the conditionally certified collective and 295 individuals timely opted-in to the FLSA claim;

WHEREAS, on May 15, 2020, the Court issued an Order on the Parties' cross-motions for summary judgment, denying CHG's motion for summary judgment and granting Carlino's motion for partial summary judgment in part;

WHEREAS, on October 6, 2022, the Court issued an Order granting Plaintiff's motion to modify the class and collective definition to exclude individuals with no damages;

WHEREAS, pursuant to the October 6, 2022 Order, the class definition was modified to provide as follows:

> All non-exempt hourly healthcare professionals employed in California through the RN Network division of CHG Medical Staffing, Inc., who, at any time from September 29, 2013 through [February 28, 2019] worked overtime and had the value of their meals and incidentals stipends, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay, and were paid overtime at a rate that was less than one and one-half (1 ½) times what their regular rate would have been had the value of their housing and/or meal and incidental benefits been included [(hereafter, the "California Class")];

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

2

WHEREAS, pursuant to the October 6, 2022 Order, the FLSA collective definition was modified to provide as follows:

> All non-exempt hourly health care professionals employed in the United States through the RN Network division of CHG Medical Staffing, Inc., who, at any time within the three years preceding [February 28, 2019], worked in excess of 40 hours in one or more workweeks and had the value of their meals and incidental stipend, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay, and were paid overtime at a rate that was less than one and one-half (1 ½) times what their regular rate would have been had the value of their housing and/or meal and incidental benefits been included [(hereafter, the "FLSA Collective")];

WHEREAS, the California Class consists of 667 individuals and the FLSA Collective consists of 166 individuals; and

WHEREAS, on January 20, 2023, the Parties participated in a private mediation with retired Los Angeles Superior Court Judge Charles W. McCoy, Jr., and reached an agreement to the settle the Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED THAT, subject to Court approval of this Settlement, the Action shall be compromised and settled pursuant to the following terms and conditions:

1.  **Effective Date.**

This Settlement shall become effective on the latest of the following dates: (a) 45 days after the Court enters an order granting final approval of the Settlement if no appeal of that final approval order is filed, or (b) if an appeal of the final approval order is filed, 35 days after termination of the appeal (including any requests for rehearing) resulting in a final judicial approval of the settlement (hereafter "Effective Date").

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

3

**2.    Class and Collective.**

The Settlement shall be on behalf of the members of the California Class and FLSA Collective that were already certified by the Court. The Parties agree that the California Class includes 667 individuals and the FLSA Collective includes 166 individuals.

**3.    Settlement Administrator.**

The Parties designate CPT Group, Inc. (hereafter "Settlement Administrator") to process this Settlement. The Settlement Administrator will administer the Settlement including, but not limited to, distributing notice of the Settlement, processing objections and inquiries regarding the Settlement, calculating and directing the disbursements of payments under the Settlement, issuing appropriate tax forms for disbursements under the Settlement, and calculating and processing required tax withholdings, if any, on such disbursements. The Settlement Administrator shall provide the Parties with weekly reports regarding the status of mailings, returns, and re-mailings, and disputes regarding the calculation of workweeks. The Settlement Administrator shall not disburse funds except as provided herein, as ordered by the Court, or as agreed upon in writing by counsel for both Parties. Subject to further orders and/or directions as may be made by the Court, the Settlement Administrator is authorized to execute such transactions on behalf of the California Class and FLSA Collective as are consistent with the terms of the Settlement.

**4.    Release of Claims.**

a.    **California Class Release:** As of the Effective Date, all members of the California Class shall release CHG and any parent, subsidiary, affiliate, predecessor or successor thereof, including but not limited to all agents, employees, officers, directors, attorneys, and healthcare facility clients thereof (collectively, the "Released Parties"), for the period of September 29, 2013 through the date the Court enters an Order granting preliminary approval of the Settlement, from all "Class Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, contingent or accrued, which relate to the wage and hour and California Labor Code claims alleged in the complaint or relate to other claims that could have been alleged based on the facts asserted

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

4

in the complaint, including but not limited to regular and overtime rate calculations, waiting time penalties, minimum wages, timely payment of wages, wage statements, reimbursements, unlawful deductions from wages, and derivative or related claims, including but not limited to Private Attorney General Act claims, claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties of any nature whatsoever.

**b.      FLSA Collective Release:**  As of the Effective Date, all members of the FLSA Collective shall release the Released Parties, for the period of February 28, 2016 through the date the Court enters an Order granting preliminary approval of the Settlement,  from all "FLSA Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, contingent or accrued, which relate to the FLSA unpaid overtime claim alleged in the complaint or relate to other FLSA claims that could have been alleged based on the facts asserted in the complaint.

**c.      Carlino Individual General Release:** As of the Effective Date, Carlino, in her individual capacity, shall irrevocably and unconditionally release, acquit, and discharge the Released Parties from any and all complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown, that arose before the Effective Date, including, but not limited to, her individual claims that were or could have been alleged based on the facts asserted in the complaint.

As to the foregoing general release, Carlino expressly waives the benefits of California Civil Code § 1542 which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

68839890;1

**5.** **Gross Settlement Fund.**

Pursuant to this Settlement, CHG shall pay a non-reversionary gross settlement amount of Three Million Seven Hundred Thousand Dollars ($3,700,000) (hereafter "Gross Settlement Fund"). The Gross Settlement Fund is the total and non-reversionary amount payable pursuant to this Settlement by CHG and includes attorneys' fees and costs to Plaintiffs' counsel as determined by the Court, individual settlement payments to the California Class and FLSA Collective, any service award to Carlino as determined by the Court, and the Settlement Administrator's fees and costs. Under no circumstances shall CHG be required to pay or contribute any monies in excess of the Gross Settlement Fund, except that CHG is responsible for paying, with funds separate and apart from the Gross Settlement Fund, the employer's share of any federal, state and/or local payroll taxes on the portion of individual settlement payments apportioned to wages.

**6.** **Deductions from Gross Settlement Fund.**

Subject to Court approval, the following deductions will be made from the Gross Settlement Fund:

(1) attorneys' fees to Plaintiffs' counsel, Hayes Pawlenko LLP (hereafter "Class Counsel"), in an amount to be determined by the Court and not to exceed one-third (1/3) of the Gross Settlement Fund (hereafter "Class Counsel Fees");

(2) reimbursement of actual costs to Class Counsel in an amount to be determined by the Court and not to exceed Thirty Thousand Dollars ($30,000) (hereafter "Class Counsel Costs");

(3) settlement administration fees and costs to the Settlement Administrator not to exceed Twelve Thousand Dollars ($12,000) (hereafter "Settlement Administration Costs"); and

(4) a service award to Carlino in an amount to be determined by the Court and not to exceed Ten Thousand Dollars ($10,000) (hereafter "Service Award").

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

68839890;1

In the event the Court reduces the amount awarded as Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, or Service Award, the difference shall be included in the funds available for distribution to the California Class and FLSA Collective.  No funds will revert to Defendant from the Gross Settlement Fund.

After the above Court-approved deductions for Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, and Service Award, the balance of the Gross Settlement Fund (hereafter "Net Settlement Fund") shall be distributed to the California Class and FLSA Collective pursuant to the formulas set forth below.

7.    **Formula for Determining Settlement Payments to the California Class.**

Ninety Two Percent (92%) of the Net Settlement Fund will be paid to the California Class (hereafter "California Class Fund").  In order to receive a payment from the California Class Fund, a member of the California Class need not submit a claim form, but rather, will automatically be sent a settlement payment calculated as described in this section.

The California Class Fund shall be allocated pro rata among the members of the California Class based on the number of weeks worked in California as reflected in Defendant's payroll records from September 29, 2013 through February 28, 2019 (hereafter "Qualifying California Workweeks").  The California Class Fund shall first be divided by the total number of Qualifying California Workweeks worked by the entire California Class to determine the monetary value of each Qualifying California Workweek.  Each California Class member's share of the California Class Fund will then be calculated by multiplying that individual's number of Qualifying California Workweeks by the monetary value of each Qualifying California Workweek. Mathematically, a California Class member's individual settlement payment will be calculated as follows: (California Class Fund ÷ Qualifying California Workweeks of entire California Class) x (Qualifying California Workweeks worked by the individual) = individual settlement payment.

8.    **Formula for Determining Settlement Payments to FLSA Collective.**

Eight Percent (8%) of the Net Settlement Fund will be paid to the FLSA Collective (hereafter "FLSA Fund").  In order to receive a payment from the FLSA Fund, a member of the

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

7

FLSA Collective need not submit a claim form, but rather, will automatically be sent a FLSA settlement payment calculated as described in this section.

The FLSA Fund shall be allocated pro rata among the members of the FLSA Collective based on the number of workweeks each member worked in the United States as reflected in Defendant's payroll records from February 28, 2016 through February 28, 2019 (hereafter "Qualifying FLSA Workweeks"). The FLSA Fund shall first be divided by the total number of Qualifying FLSA Workweeks worked by the entire FLSA Collective to determine the monetary value of each Qualifying FLSA Workweek. Each FLSA Collective member's share of the FLSA Fund will then be calculated by multiplying that individual's number of Qualifying FLSA Workweeks by the monetary value of each Qualifying FLSA Workweek. Mathematically, a FLSA Collective Member's individual settlement payment will be calculated as follows: (FLSA Fund ÷ Qualifying FLSA Workweeks of entire FLSA Collective) x (Qualifying FLSA Workweeks worked by the individual) = individual settlement payment.

9.    **Taxes.**

The payment of Class Counsel Fees, Class Counsel Costs, Settlement Administration Expenses, and the Service Award shall be reported on an IRS Form 1099 and will not be subject to withholdings.

For the purpose of calculating applicable tax withholdings for the individual California Class settlement payments and FLSA Collective settlement payments, the Parties agree that thirty percent (30%) of such settlement payments will be treated as wages and seventy percent (70%) will be treated as penalties and interest. The portion treated as wages will be subject to regular and/or applicable payroll and income tax withholdings (for the employee portion of withholdings only), and will be reported on an IRS Form W-2. The portion treated as penalties and interest will not be subject to regular and/or applicable payroll and income tax withholdings, and will be reported on an IRS Form 1099. CHG's share of employer-side payroll taxes on the individual settlement payments will be paid by CHG with funds separate and apart from the Gross Settlement Fund.

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

68839890;1

The Parties agree that any Service Award approved by the Court will result in the issuance of a Form 1099 to Carlino, who shall assume full responsibility and liability for the payment of taxes due on such award.

The Settlement Administrator shall be responsible for issuing the aforementioned tax forms, calculating applicable withholdings, and transmitting the required employee withholdings to the appropriate state and federal tax authorities.  Within five days of calculating the payroll withholdings, the Settlement Administrator shall notify CHG of the amount of employer-side payroll taxes that CHG will need to separately pay to the appropriate state and federal tax authorities.

10.     **Circular 230 Disclaimer.**

The Parties agree that: (1) no provision of this Agreement, and no written communications or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of the United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the Parties (a) have relied exclusively upon their own independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (b) have not entered into this Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) are not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax or tax penalty; and (3) no attorney or adviser to any party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

11.     **Settlement Approval & Notice Procedure.**

a.      **Preliminary Approval of the Settlement**

After the Parties execute this Settlement, Class Counsel shall submit the Settlement to the Court pursuant to a motion for preliminary approval seeking (1) preliminary approval the

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

9

Settlement, (2) approval of the proposed notice to the California Class and FLSA Collective in the form attached hereto as Exhibit A (hereafter "Settlement Notice"), (3) approval of the proposed procedure for  notifying the California Class and FLSA Collective of the Settlement, and (4) the scheduling of a final fairness hearing.  Class Counsel will provide CHG's counsel with a draft of the motion for preliminary approval at least five (5) days prior to filing the motion.

### b.    Notice of Settlement by Mail

No later than fifteen (15) days after the Court enters an Order granting preliminary approval of the Settlement, CHG shall provide to the Settlement Administrator a list containing the names, last known addresses, dates of employment, social security numbers, and, as applicable, the number of Qualifying California Workweeks, and/or number of Qualifying FLSA Workweeks for each member of the California Class and FLSA Collective (collectively "Employee Data").  Using the Employee Data, the Settlement Administrator shall calculate the estimated settlement payment to which each member of the California Class is entitled and the estimated settlement payment to which each member of the FLSA Collective is entitled pursuant to the formulas described above. Within fifteen (15) days of receipt from CHG of the Employee Data, the Settlement Administrator shall mail the Settlement Notice, via First-Class Mail using the United States Postal Service, to the most recent address known for each member of the California Class and FLSA Collective.  Before mailing the Settlement Notice, the Settlement Administrator shall review the National Change of Address Registry for all members of the California Class and FLSA Collective and/or conduct a skip trace to determine the most up-to-date addresses.

If any Settlement Notices are returned with a forwarding address, the Settlement Administrator shall re-mail the Settlement Notice to the forwarding address.  In the event that a Settlement Notice is returned without a forwarding address, the Settlement Administrator shall, via skip-tracing, seek an address correction for such individual, and, if an updated address is identified, send the Settlement Notice to the new address within seven (7) days.  The Settlement Administrator may conduct any investigation it deems economically reasonable and consistent

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

68839890;1

with industry practice to determine the correct address of any member of the California Class or FLSA Collective.

### c.    Procedure for Objecting to the Settlement

Members of the California Class and FLSA Collective shall have forty-five (45) calendar days from the date the Settlement Notice is first mailed by the Settlement Administrator (hereafter "Objection Deadline") to object to the Settlement.

The Settlement Notice shall advise that, to be considered valid, an objection should: (1) be in writing; (2) include the objector's full name and address; (3) include the last four digits of the objector's Social Security Number; (4) clearly identify the case name and number, (5) state the basis for the objection and include any supporting documents; (6) be mailed to the Settlement Administrator at the address above, postmarked on or before the Objection Deadline.

Members of the California Class and FLSA Collective who do not submit a timely objection to the Settlement shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise ordered by the Court.

### d.    Procedure for Disputing Qualifying Workweeks Calculation

Members of the California Class and FLSA Collective shall also have forty-five (45) calendar days from the date of mailing the Settlement Notice (hereafter "Dispute Deadline") in which to dispute the number of Qualifying California Workweeks and/or Qualifying FLSA Workweeks allocated to them, which shall be stated in the Settlement Notice. The Settlement Administrator shall consider all such disputes, provided that, prior to the Dispute Deadline, the individual California Class or FLSA Collective member notifies the Settlement Administrator of the dispute and provides supporting documents (if appropriate). The Settlement Notice shall advise of the right to dispute the number of qualifying workweeks and shall direct that such disputes be made to the Settlement Administrator by the Dispute Deadline, the date of which shall be stated in the Settlement Notice. After consulting with Class Counsel and CHG's counsel, the Settlement Administrator shall have the final authority to resolve all disputes concerning the

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

number of Aggrieved Employee Workweeks, Qualifying California Workweeks and/or Qualifying FLSA Workweeks.

### e.    Declaration of Compliance

As soon as practicable, but no later than seven (7) calendar days following the Objection Deadline, the Settlement Administrator shall provide counsel for the Parties with a declaration attesting to completion of the notice process set forth herein, including an explanation of efforts to resend undeliverable Settlement Notices, which declaration shall be filed with the Court by Class Counsel along with the papers requesting final approval of the Settlement.

### f.    Final Approval of the Settlement

Prior to the final fairness hearing, and consistent with any deadlines imposed by the Court, Class Counsel shall file a motion for final approval of the Settlement and request the entry of an Order and judgment finally approving the Settlement.  Class Counsel will provide a draft of the motion for final approval to CHG counsel at least five (5) days prior to filing the motion.

### 12.    Funding and Disbursement of Gross Settlement Fund.

No later than ten (10) days after the Effective Date, CHG shall fund the Gross Settlement Fund by wiring Three Million Seven Hundred Thousand Dollars ($3,700,000) to a Qualified Settlement Fund ("QSF") that shall be set up, held and controlled by the Settlement Administrator. The Parties agree that the QSF is intended to be a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. section 1.469B-1, 26CFR section 1.468B-1, et seq., and will be administered by the Settlement Administrator as such.

Within ten (10) days after receipt of the Gross Settlement Fund, the Settlement Administrator shall distribute all payments owing under the Settlement, including (1) the California Class payments and FLSA Collective payments, (2) Class Counsel Fees, (3) Class Counsel Costs, (4) the Service Award, and (5) Settlement Administration Costs.

The settlement checks to the members of the California Class and FLSA Collective shall be valid for one hundred and eighty (180) calendar days from the date of their mailing as reflected by the postmark on the mailing.  Any settlement checks remaining uncashed after expiration of

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

12

that period shall be voided and the amount shall be deposited with the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the settlement check had been addressed.

Members of the California Class and FLSA Collective shall be bound by all the terms of this Agreement, regardless of whether he or she cashes his or her settlement payment.

**13.     Limitations on Use of Settlement.**

**a.     No Admission**

Neither the acceptance nor the performance by Defendant of the terms contained in this Agreement nor any of the related negotiations or proceedings is or shall be claimed to be, construed as, or deemed a precedent or an admission by Defendant of the truth of any allegations in any version of the Complaint.

**b.     No Evidentiary Use**

Neither this Agreement nor any of its terms, nor any statements or conduct in the negotiation or drafting of it, shall be offered or used as evidence in the Action or any other proceedings, except as is reasonably necessary to effectuate this Agreement's purpose and terms. This Agreement may be used by Defendant and/or the Released Parties to prove or defend against any claim released herein by any member of the California Class or FLSA Collective in any judicial, quasi-judicial, administrative, or governmental proceeding.

**c.     Nullification**

If the Court for any reason does not approve this Settlement, this Agreement shall be considered null and void and all Parties to this Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court. Moreover, in the event the Court does not approve this Settlement, Defendant will not be deemed to have waived, limited, or affected in any way any of its defenses in this Action. Invalidation of any material portion of this Settlement shall invalidate this Settlement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

13

**14.**     **Miscellaneous Provisions.**

      **a.**     **Amendments**

The terms and provisions of this Agreement may be amended only by a written agreement that is signed by both Class Counsel and Defendant's counsel.

      **b.**     **Enforcement Actions**

In the event Defendant and/or Carlino institutes a legal action or other proceeding against each other to enforce the provisions of this Settlement, or to declare rights and/or obligations under this Settlement, the successful party shall be entitled to recover from the unsuccessful party reasonable attorneys' fees and costs in connection with any enforcement actions.

      **c.**     **No Inducements**

Carlino and Defendant acknowledge that they are entering into this Agreement as a free and voluntary act without duress or undue pressure or influence of any kind or nature whatsoever and that neither Carlino nor Defendant has relied on any promises, representations, or warranties regarding the subject matter hereof other than as set forth in this Agreement.

      **d.**     **No Prior Assignment**

The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

      **e.**     **Counterparts**

This Agreement, and any amendments hereto, may be executed in any number of counterparts, each of which when executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument. This Agreement will become effective on the date when the last person signs and dates it.

      **f.**     **Integration Clause**

This document, along with any exhibits attached hereto, constitutes the complete and entire Agreement between the Parties pertaining to the subject matter hereof, and the final, complete and

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

14

exclusive expression of the terms and conditions of their Agreement. Any and all prior agreements, representations, negotiations, and understandings between the Parties, oral or written, express or implied, are hereby superseded and merged herein.

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement and have caused this Agreement to be executed by their duly authorized representatives.

REPRESENTATIVE PLAINTIFF

Date: _____      _____
                     Jacqueline Carlino
                     Personally and as Representative Plaintiff

                     CHG MEDICAL STAFFING, INC.

Date: 3/2/23         _____
                     Eddie Christensen
                     General Counsel

**APPROVED AS TO FORM AND CONTENT**

Dated: February ___, 2023      **HAYES PAWLENKO LLP**

                     By: _____.
                         Matthew B. Hayes
                         Attorneys for Plaintiff

Dated: ~~February ___, 2023~~ March 3, 2023      **AKERMAN LLP**

                     By: _____.
                         Sarah Kroll-Rosenbaum
                         Anthony D. Sbardellati
                         Attorneys for Defendant

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

15

exclusive expression of the terms and conditions of their Agreement.  Any and all prior agreements, representations, negotiations, and understandings between the Parties, oral or written, express or implied, are hereby superseded and merged herein.

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement and have caused this Agreement to be executed by their duly authorized representatives.


REPRESENTATIVE PLAINTIFF


Date: Feb 28, 2023                    *Jacqueline A. Carlino*
                                      Jacqueline A. Carlino (Feb 28, 2023 15:17 MST)

                                      Jacqueline Carlino
                                      Personally and as Representative Plaintiff


CHG MEDICAL STAFFING, INC.


Date: _____                       _____

                                      Eddie Christensen
                                      General Counsel

**APPROVED AS TO FORM AND CONTENT**

Dated: February 28, 2023          **HAYES PAWLENKO LLP**


                          By:   _____.
                                Matthew B. Hayes
                                Attorneys for Plaintiff


Dated: February __, 2023          **AKERMAN LLP**


                          By:   _____.
                                Sarah Kroll-Rosenbaum
                                Anthony D. Sbardellati
                                Attorneys for Defendant


**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

15

# EXHIBIT A

THIS NOTICE HAS BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

## U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

*Carlino v. CHG Medical Staffing, Inc.*
Case No. 1:17-cv-01323-ADA-CDB

*You are not being sued. This is not an advertisement. A court ordered
this notice. Your legal rights may be affected. Please read this carefully.*

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**TO:** All individuals who are members of the California Class and/or the Fair Labor Standards Act ("FLSA") Collective in the above-captioned case, such membership being defined as follows:

**California Class Members**: All non-exempt hourly healthcare professionals employed in California through the RN Network division of CHG Medical Staffing, Inc., who, at any time from September 29, 2013 through [February 28, 2019] worked overtime and had the value of their meals and incidentals stipends, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay, and were paid overtime at a rate that was less than one and one-half (1 ½) times what their regular rate would have been had the value of their housing and/or meal and incidental benefits been included.

**FLSA Collective Members:** All non-exempt hourly health care professionals employed in the United States through the RN Network division of CHG Medical Staffing, Inc., who, at any time from February 28, 2016 through [February 28, 2019], worked in excess of 40 hours in one or more workweeks and had the value of their meals and incidental stipend, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay, and were paid overtime at a rate that was less than one and one-half (1 ½) times what their regular rate would have been had the value of their housing and/or meal and incidental benefits been included.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will automatically receive a settlement payment based on the calculation set forth in this Notice after the Court grants final approval to the settlement. |
| **OBJECT BY _____, 2023** | Submit an objection to the Court explaining why you oppose the settlement. |
| **GO TO A HEARING ON _____, 2023** | Ask to speak in Court about the settlement at the settlement hearing. |

**YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE
THEM – ARE EXPLAINED IN THIS NOTICE.**

68841507;1

THIS NOTICE HAS BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

## *WHY AM I RECEIVING THIS NOTICE?*

You are receiving this notice because records identify you as [___ (checked if applicable)] a California Class Member and/or [___ (checked if applicable)] a FLSA Collective Member, as those terms are described on the first page of this Notice.

The purpose of this Notice is to explain the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how they will be distributed.

The Court in charge of the case is the U.S. District Court for the Eastern District of California. The case is known as *Carlino v. CHG Medical Staffing, Inc.,* Case No. 1:17-cv-01323-ADA-CDB (hereinafter referred to as the "Action" or the "Lawsuit"), and is assigned to the Honorable Ana de Alba, United States District Judge.

On _____, 2023, the Court entered an order granting preliminary approval of a proposed settlement and directing that this Notice be sent to Class and Collective Members because they have a right to know about the proposed settlement, and about all of their options, before the Court decides whether to grant final approval of the proposed settlement.

## *WHAT IS THE LAWSUIT ABOUT?*

The Lawsuit was brought against CHG Medical Staffing, Inc. ("CHG") by a former employee, Jacqueline Carlino (hereinafter "Plaintiff"), who alleges that CHGs underpaid its employees overtime wages in violation of both California state law and federal law by excluding the value of weekly meal, incidental, and housing benefits from the calculation of overtime pay rates.  The Lawsuit alleges that CHG was required to include the value of these benefits in calculating overtime rates of pay.  The Lawsuit seeks to recover unpaid overtime, liquidated damages, and penalties under both California and federal law in connection with the overtime claims.  CHG disputes all claims asserted in the Lawsuit and maintains that it properly paid its employees.

## *WHO ARE THE ATTORNEYS FOR THE PARTIES?*

Counsel for the Class/Collective ("Class Counsel")

Hayes Pawlenko LLP
Matthew B. Hayes
Kye D. Pawlenko
1414 Fair Oaks Ave., Unit 2B
South Pasadena, CA 91030
Tel:    626.808.4357

Counsel for CHG

Akerman LLP
Sarah Kroll-Rosenbaum
Anthony D. Sbardellati
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Tel:  213.688.9500

## *WHY IS THERE A SETTLEMENT?*

Plaintiff has agreed to the proposed settlement because she believes that it will provide prompt, certain, and substantial benefits to the Class and Collective.  These benefits were compared with the risk of a significantly smaller recovery, or potentially no recovery, following a contested trial

2

THIS NOTICE HAS BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

and appeal, which could take years to resolve. CHG, which vigorously denies all allegations of wrongdoing or liability whatsoever, has agreed to the proposed settlement to eliminate the burden, expense, uncertainty, and distraction of further litigation.

### WHAT IS THE SETTLEMENT AMOUNT?

The proposed settlement provides for a payment by CHG of $3,700,000 (referred to as the "Gross Settlement Fund"). Class Counsel will apply to the Court for attorneys' fee of no more than one third (1/3) of the Gross Settlement Fund (up to $1,233,333.33) and for reimbursement of litigation costs of no more than $30,000.00. Class Counsel will also apply for a class representative service award of no more than $10,000.00 to compensate Jacqueline Carlino for her work and efforts prosecuting this case. Settlement administration costs not to exceed $12,000.00 will also be deducted from the Gross Settlement Fund. The exact amount of attorneys' fees, litigation costs, class representative service award, and settlement administration costs to be deducted from the Gross Settlement Fund will be determined by the Court at the final approval hearing.

The remaining portion of the Gross Settlement Fund (referred to as the "Settlement Pool") is currently estimated to be approximately $2,414,666.67. The Settlement Pool will be apportioned and paid out to eligible members of the California Class and FLSA Collective. **You are not required to do anything to receive a payment from the Settlement Pool.**

### HOW WILL THE INDIVIDUAL SETTLEMENT PAYMENTS BE CALCULATED?

The Settlement Pool will be divided into a California Class Fund consisting of 92% the Settlement Pool and a FLSA Collective Fund consisting of 8% of the Settlement Pool.

The California Class Fund will be allocated pro rata among the members of the California Class based on the number of weeks worked in California from September 29, 2013 through February 28, 2019 ("California Class Workweeks"). The California Class Fund will first be divided by the aggregate number of California Class Workweeks worked by the entire California Class to determine the monetary value of each California Class Workweek. Each California Class member's share of the California Class Fund will then be calculated by multiplying that individual's number of California Class Workweeks by the monetary value of each California Class Workweek.

The FLSA Collective Fund will be allocated pro rata among the members of the FLSA Collective based on the number of workweeks each member worked in the United States from February 28, 2016 through February 28, 2019 ("FLSA Collective Workweeks"). The FLSA Collective Fund will first be divided by the aggregate number of FLSA Collective Workweeks worked by the entire FLSA Collective to determine the monetary value of each FLSA Collective Workweek. Each FLSA Collective member's share of the FLSA Collective Fund will then be calculated by multiplying that individual's number of FLSA Collective Workweeks by the monetary value of each FLSA Collective Workweek.

68841507;1

THIS NOTICE HAS BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

## *HOW MUCH WILL MY PAYMENT BE?*

The total amount of your settlement payment is estimated to be $ _____. That amount is based on your membership in ___ (checked if applicable) the California Class and/or ___ (checked if applicable) the FLSA Collective and CHG's records showing that you worked: [*insert one or more of the below as applicable for each individual*]

[_____California Class Workweeks from September 29, 2013 through February 28, 2019;
and/or
_____ FLSA Collective Workweeks from February 28, 2016 through February 28, 2019

## *WHAT SHOULD I DO IF MY WORKWEEKS ARE INCORRECT?*

If you believe the amount of the California Class Workweeks and/or FLSA Collective Workweeks stated above is incorrect, you may send a letter to the Settlement Administrator, CPT Group, Inc., indicating what you believe to be the correct information. You should include any documents or other information that support what you believe to be the correct number of California Class Workweeks and/or FLSA Collective Workweeks. The Settlement Administrator will resolve any disputes regarding this issue based on CHG's records and any information that you provide. The estimated payment amount and number of workweeks stated above will be presumed correct unless you supply company records from CHG or other competent records showing different information. Your letter must be postmarked on or before _____, 2023 [*45 days from mailing of Notice*] and sent to the following address:

[Class Administrator Address Line 1]
[Class Administrator Address Line 2]
[Class Administrator Address Line 3]

## DO I HAVE TO TAKE ANY ACTION TO RECEIVE A PAYMENT?

**No. To receive your settlement payment, you do not need to do anything.** You will receive a payment because you are an identified member of the California Class and/or FLSA Collective. **However, it is your responsibility to keep the Settlement Administrator informed of any change in your address.** Your settlement payment will be mailed to the last known address the Settlement Administrator has on file for you. Settlement checks should be deposited soon after receipt. Checks uncashed after 180 days will be voided and the funds sent to the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been mailed.

4

THIS NOTICE HAS BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| **WHEN WILL I GET MY PAYMENT?** |
|---|

Settlement payments will be distributed only if the Court approves the proposed settlement.  The Court will hold a final approval hearing on _____, 2023 to decide whether to finally approve the proposed settlement.  If the Court grants final approval and there is no appeal of that order, settlement payments will be distributed approximately two months after the Court enters a Judgment approving the settlement.  If there is an appeal of the Court's Judgment granting final approval, however, the approval process will take additional time to resolve and could last for more than a year.

| **WHAT CLAIMS AM I RELEASING?** |
|---|

If the proposed settlement is finally approved by the Court, members of the California Class and/or FLSA Collective will release the following claims:

**California Class Release:** Members of the California Class will release CHG and any parent, subsidiary, affiliate, predecessor or successor thereof, including but not limited to all agents, employees, officers, directors, attorneys, and healthcare facility clients thereof (collectively, the "Released Parties"), for the period of September 29, 2013 through [date of preliminary approval], from all "Class Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, contingent or accrued, which relate to the wage and hour and California Labor Code claims alleged in the complaint or relate to other claims that could have been alleged based on the facts asserted in the complaint, including but not limited to regular and overtime rate calculations, waiting time penalties, minimum wages, timely payment of wages, wage statements, reimbursements, unlawful deductions from wages, and derivative or related claims, including but not limited to Private Attorney General Act claims, claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties of any nature whatsoever.

**FLSA Collective Release:**  Members of the FLSA Collective will release the Released Parties, for the period of February 28, 2016 through [date of preliminary approval], from all "FLSA Released Claims," defined as: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, contingent or accrued, which relate to the FLSA unpaid overtime claim alleged in the complaint or relate to other FLSA claims that could have been alleged based on the facts asserted in the complaint.

| **HOW DO I OBJECT TO THE SETTLEMENT?** |
|---|

You can ask the Court to deny approval of the proposed settlement by submitting an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

68841507;1

THIS NOTICE HAS BEEN AUTHORIZED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

To object, you must mail a written objection to the Settlement Administrator at the following address:

**CPT Group, Inc.**
**[Address Line 1]**
**[Address Line 2]**

The objection must (1) be in writing; (2) include the objector's full name and address; (3) include the last four digits of the objector's Social Security Number; (4) clearly identify the case name and number (*Carlino v. CHG Medical Staffing, Inc.,* Case No. 1:17-cv-01323-ADA-CDB), (5) state the basis for the objection and include any supporting documents; and (6) be mailed to the Settlement Administrator at the address above, postmarked on or before ____, 2023 [*45 days from mailing Notice Packet*].

## WHEN AND WHERE IS THE FINAL APPROVAL/FAIRNESS HEARING?

The Court will hold a final approval/fairness hearing on _____, 2023, in Courtroom 1 (8th Floor) of the Robert E. Coyle United States Courthouse, 2500 Tulare St., Fresno, CA 93721.  At this hearing the Court will determine whether the proposed settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Class Counsel's request for attorneys' fees and costs and the class representative's service award.

The Court may reschedule the final approval/fairness hearing without further notice to Class and Collective members.  However, any Class or Collective member who has submitted a timely objection to the settlement will be notified by Class Counsel of any rescheduling of the date and time of the hearing.

You are **not** required to come to the final approval/fairness hearing.  Class Counsel will represent the interests of Class and Collective members at the hearing.  But you are welcome to come at your own expense and you may ask the Court for permission to speak at the hearing.  If you send an objection, you don't have to come to Court to talk about it.  As long as you timely mailed your written objection, the Court will consider it.  You may also hire and pay your own lawyer to attend if you so desire.

## WHO MAY I CONTACT IF I HAVE QUESTIONS ABOUT THE SETTLEMENT?

You may contact Class Counsel, Matthew B. Hayes and Kye D. Pawlenko, at 626.808.4357 if you have any questions about the proposed settlement.  You may also contact the Settlement Administrator, [*administrator name*], by calling toll free [*Phone Number*], or you can write to the Settlement Administrator at [*address*].

**PLEASE DO NOT CALL THE COURT ABOUT THE SETTLEMENT**

68841507;1