UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CARLINO, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br>CHG MEDICAL STAFFING, INC. et al.<br><br>Defendants. | CASE NO. 1:17-cv-01323-LHR-CDB<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date:       September 18, 2024<br>Time:      1:00 p.m. (CST)<br>Location: Bob Casey U.S. Courthouse<br><br>            515 Rusk Ave.<br>            Houston, TX 77002 |

77368712;1

Presently before this Court is a motion for final approval of a Joint Stipulation and Settlement Agreement ("Settlement") resolving all claims asserted in this class and collective action. The Settlement has been lodged with the Court at Docket No. 101-4.

The lawsuit is brought by Jacqueline Carlino ("Plaintiff") against CHG Medical Staffing, Inc. ("CHG"). The operative Complaint asserts California state law claims for unpaid overtime (Cal. Labor Code § 510), unfair business practices (Cal. Bus. & Prof. Code § 17200, *et seq.*), and waiting time penalties (Cal. Labor Code § 203), as well as a federal claim for violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, e*t seq.*).

On February 28, 2019, the Court certified the following Rule 23 class with respect to the state law claims:

> All non-exempt hourly healthcare professional employed in California through the RN Network division of CHG Medical Staffing, Inc., who at any time from September 29, 2013 through [February 28, 2019], worked overtime and had the value of their meals and incidental stipends, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay (hereafter "California Class").

On February 28, 2019, the Court also conditionally certified the following collective with respect to the FLSA claim:

> All non-exempt hourly healthcare professional employed in the United States through the RN Network division of CHG Medical Staffing, Inc., who, at any time within three years preceding [February 28, 2019], worked in excess of 40 hours in one or more workweeks and had the value of their meals and incidentals stipend, housing allowance, and/or housing accommodation excluded from their regular rate for purposes of calculating overtime pay (hereafter "FLSA Collective").

Following certification, a Court-approved third-party administrator disseminated a Court-approved notice to the members of the California Class and FLSA Collective providing an

77368712;1

opportunity to opt-out of the California Class and opt-in to the FLSA Collective.

On May 15, 2020, the Court issued an Order on the parties' cross-motions for summary judgment. The Court held that CHG was liable for failing to properly calculate overtime rates in compliance with the California Labor Code and FLSA and for liquidated damages under the FLSA. The Court, however, held that CHG was not liable for California waiting time penalties or an extended three-year FLSA statute of limitations period.

On October 6, 2022, the Court granted a motion by Plaintiff to modify the California Class and FLSA Collective for the purpose of limiting the California Class and FLSA Collective to include only individuals who "were paid overtime at a rate that was less than one and one-half (1 ½) times what their regular rate would have been had the value of their housing and/or meal and incidental benefits been included." As limited, the California Class presently includes 667 individual and the FLSA Collective presently includes 166 individuals. In aggregate, the California Class and FLSA Collective includes 782 separate individuals.

On April 18, 2024, the Court granted preliminary approval of the Settlement. In accordance with that Order, notice of the Settlement was sent to all current members of the California Class and FLSA Collective. The Court received no objections to the Settlement.

The present motion for final approval of the Settlement was filed on August 12, 2024, and a motion for attorneys' fees, costs, service award, and settlement administration expenses was filed on June 7, 2024. A final fairness hearing was held on September 18, 2024.

The Court has now considered all papers, evidence and argument submitted regarding the Settlement. Based on the foregoing IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court grants final approval of the Settlement and finds that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class action settlement under federal law. The parties shall fulfill the terms of the Settlement.

2. The members of the California Class shall be deemed to have released the Released Parties from the Class Released Claims as those terms are defined in the Settlement.

77368712;1

3. The members of the FLSA Collective shall be deemed to have released the Released Parties from FLSA Released Claims as those terms are defined in the Settlement.

4. The notice of the Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Settlement (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise class and collective members of the pendency of the Settlement, their right to object to the Settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law.

5. The Court approves class counsel attorneys' fees in the amount of $1,233,333.33 and reimbursement of litigation expenses in the amount of $20,139.25, which shall be paid in accordance with the terms of the Settlement.

6. The Court approves a class representative service award to Plaintiff in the amount of $10,000, which shall be paid in accordance with the terms of the Settlement.

7. The Court approves settlement administration fees and expenses to CPT Group, Inc. in the amount of $12,000, which shall be paid in accordance with the terms of the Settlement.

8. This document shall constitute final judgment for the purpose of Rule 59 of the Federal Rules of Civil Procedure.  Without affecting the finality of this matter, this Court shall retain jurisdiction over this action and the parties for purposes of enforcing the terms and conditions of the Settlement.

9. The Clerk of the Court is directed to close this case.

DATED: September 18, 2024

_____
United States Judge

77368712;1